IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOE WELCH,

                Petitioner,                      OPINION AND ORDER

   v.

                                          19-cv-889-wmc

MATTHEW MARSKE,

                Respondent.

---

Petitioner Joe Welch, who was previously a federal prisoner incarcerated at the Federal Correctional Institution in Oxford, Wisconsin,[1] seeks post-conviction relief under 28 U.S.C. § 2241. In his petition to this court, Welch seeks to challenge the Bureau of Prison's ("BOP") decision finding him guilty of possessing a tattoo needle. Welch seeks relief on the ground that the disciplinary proceeding violated his Fifth Amendment right to due process, based on very few allegations, specifically Welch alleges that he was found guilty of possessing a tattoo needle, which in fact belonged to his roommate. Welch submits a statement from another inmate, dated September 17, 2018, who states that as of August 7, 2018, he and Welch kept their property in the same locker. (Dkt. #3.) This petition is before the court for preliminary review pursuant to Rule 4 of the Rules

---

[1] It appears Welch was released from BOP custody on May 5, 2021. *See* https://bop.gov/inmateloc/ (last visited May 21, 2021). Publicly available records of Welch's criminal proceeding shows that he is subject to a three-year term of supervised release. *See United States v. Welch*, No. 8:15-cr-11, dkt. #118 (D. Neb. Oct. 24, 2016). As such, the court infers that he remains in "custody" and thus his release did not render his petition moot. *See United States v. Trotter*, 270 F.3d 1150, 1152 (7th Cir. 2001) (supervised release is a form of custody).

1

Governing Section 2254 Cases, which applies to petitions not brought under § 2254. *See* Rule 1(b), Rules Governing Section 2254 Cases. Since it appears that Welch is not entitled to relief under § 2241, he will be required to show cause to avoid dismissal of his petition.

OPINION

As an initial matter, Welch does not actually specify the relief he is seeking in this action. However, it is possible that as a consequence of the BOP's guilty finding, Welch lost good-time credit, which, in turn, may have increased his period of incarceration and thus *may* serve as a basis for requesting habeas relief under § 2241. *See Walker v. O'Brien*, 216 F.3d 626, 629 (7th Cir. 2000); *Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994). Still, § 2241 states that the "writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States."

A disciplinary decision that results in the loss of good-time credits must provide the inmate with the following procedural safeguards to adhere to due process: (1) advance written notice of the charges; (2) an opportunity, taking into account the institution's safety concerns to call witnesses and present evidence in this or her defense; (3) a written statement from the factfinder identifying the evidence on which they relied and the reason(s) for the decision; and (4) findings supported by "some evidence" in the record. *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985). Welch does

2

not allege -- and the facts outlined in his petition do not suggest -- that he was denied *any* of these procedural safeguards. All Welch alleges is that someone else was the owner of the tattoo needle that he was charged with possessing, which falls far short of suggesting that BOP officials deprived him of any of these procedural safeguards. Welch does seem to believe that the BOP's guilty finding was unsupported by "some evidence," but it would appear a foregone conclusion that the guilty finding was grounded in sufficient evidence to satisfy due process. Indeed, the Court of Appeals for the Seventh Circuit has described the "some evidence" requirement as a "meager threshold." *Scruggs v. Jordan*, 485 F.3d 934, 941 (7th Cir. 2007). In *Scruggs*, the court acknowledged that even though the evidence must bear "some indicia of reliability," once that showing has been made, courts do not reverse results of the disciplinary official. *Id.* The statement in the affidavit Welch submits -- indicating that Welch and his roommate shared locker space -- certainly leaves room for disagreement as to whether Welch was in possession of a tattoo needle. As such, Welch's allegations did not cross the "threshold of plausibility" required for the government to answer his petition. *Harris v. McAdory*, 334 F.3d 665, 669 (7th Cir. 2003); *Dellenbach v. Hanks*, 76 F.3d 820, 822 (7th Cir. 1996).

While the court is, therefore, unconvinced the government should be required to answer the petition, the court will not yet conclude that Welch's claims fail as a matter of law, since he has omitted from his petition not only important details about whether he suffered a loss of good-time credits that would form a basis for relief under § 2241, but also any details about the disciplinary proceeding and any appeals process he pursued to signal

3

whether he can allege in good faith a denial of procedural due process. Therefore, the court will give Welch a brief window of time, until **June 11, 2021,** to file a supplement to his petition that provides allegations related to when he was charged with possessing the needle, whether he received advanced written notice of the charge, whether he received the opportunity to call witnesses in his defense, whether he received a written decision from a fact-finder identifying the evidence relied upon, whether Welch appealed that finding, the disposition of any appeal, and whether Welch lost good-time credit as a result of the guilty finding.

## ORDER

IT IS ORDERED that:

(1) Petitioner Joe Welch has until **June 11, 2021,** to supplement his petition, as provided above, to show cause as to why his Fourteenth Amendment claim should not be dismissed.

(2) **Petitioner is advised that if he does not respond to this order as directed, the court will dismiss his Fourteenth Amendment claim for failing to show that he is in custody in violation of federal law.**

Entered this 21st day of May, 2021.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge